UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EARLENE PEMBERTON,
INDIVIDUALLY AND ON BEHALF OF          CIVIL ACTION
HER MINOR CHILD, AM
                                       NUMBER 09-30-RET-SCR
VERSUS

WEST FELICIANA PARISH SCHOOL
BOARD, ET AL


<u>**NOTICE**</u>

     Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have fourteen
days after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 14, 2009.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EARLENE PEMBERTON,
INDIVIDUALLY AND ON BEHALF OF         CIVIL ACTION
HER MINOR CHILD, AM
                                      NUMBER 09-30-RET-SCR
VERSUS

WEST FELICIANA PARISH SCHOOL
BOARD, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is West Feliciana Parish School Board's, Lloyd Lindsey's and Darryl Powell's Rule 12(b)(6) Motion to Dismiss under Rule 12(b)(6).  Record document number 14.  The motion is opposed.[1]

Plaintiff Earlene Pemberton, individually and on behalf of her minor child,[2] filed a complaint against the defendants based on federal claims under Title IX and 42 U.S.C. § 1983 and state law claims under Louisiana Civil Code Articles 2315 and 2315.6.  The claims brought against the defendants are based on an alleged sexual assault and battery that was perpetrated by three male students in an incident that occurred after school on January 17,

---

[1] Record document number 16.

[2] Plaintiff Earlene Pemberton alleges her own claim for loss of consortium and brings the remaining claims on behalf of her minor child, AM.  Hereafter, references to "plaintiff" in this report and recommendation are references to the plaintiff's minor child.

2007.[3]

Original defendant West Feliciana Parish School Board Superintendent Lloyd Lindsey was sued individually and in his official capacity.  Lindsey died on April 15, 2009.[4]  Jesse L. Perkins, Jr., the current superintendent, was substituted, but was only substituted for Lindsey in his official capacity.[5]  Thus, there are no claims against Perkins in his individual capacity.  At the time the motion to dismiss was filed Lindsey was still the superintendent.  The parties have not supplemented the motion or their memoranda since Perkins was substituted.  Nevertheless, Lindsey is no longer a party and there no claims alleged against Perkins in his individual capacity.  Darryl Powell was sued individually and in his official capacity as the principal of West Feliciana Middle School.  Official capacity claims against the individual defendants are, in effect, brought against the School Board.  Therefore, as to the individual capacity claims, this report will only address the claims against Powell in his individual capacity.

---

[3] Complaint, ¶ 4.  Plaintiff alleged that she was attending a club practice after school hours and waiting to be picked up by a family member when she was attacked by the three students.  The remainder of the paragraph describes the attack and alleges that on information and belief the male students filmed the incident with a cell phone camera and exhibited the video to other students.  *Id.*

[4] Record document number 18.

[5] Record document number 22.

2

Defendants now move to dismiss all of the claims alleged in the complaint on various grounds:

- Plaintiff has no claim as a matter of law under Title IX against Powell.

- Plaintiff failed to plead any facts to support essential elements of her Title IX claim against the School Board.

- Plaintiff failed to plead any facts to support a § 1983 claim against the School Board, because there are no allegations that the Board had an unconstitutional policy, practice, regulation or custom that resulted in a constitutional deprivation.

- Plaintiff's allegations/claims against Powell in his individual capacity under § 1983 fail because the plaintiff did not plead sufficient facts to state a claim for a constitutional violation against him.

- Plaintiff has no claim as a matter of law against the School Board for punitive damages, and no claim against Powell individually because she failed to plead facts that support a constitutional violation or evil motive/intent.

- Plaintiff failed to allege facts sufficient to support a state law claim for intentional infliction of emotional distress.

Defendants also asserted that if the federal claims are

dismissed the court should decline to exercise supplemental jurisdiction over the state law claims.

## Motion to Dismiss Standard and Applicable Law

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, _____ U.S. _____, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The court need not accept "a legal conclusion couched as a factual

4

allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

The allegations must be evaluated in light of the substantive law applicable to the claims asserted in the complaint.  In this case the applicable substantive law is Title IX claims for student-on-student sexual harassment, § 1983 claims against public entities and public employees in their official and individual capacities, and state law tort claims under Articles 2315.

## Title IX

Title IX provides in relevant part as follows:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.  20 U.S.C. § 1681(a).

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 638, 119 S.Ct. 1661, 1669 (1999).

In *Davis* the Supreme Court held that in certain limited circumstances, a funding recipient may be held liable for student-on-student harassment.  Thus, a school district's failure to respond appropriately to this type of sexual harassment may serve as a basis for a Title IX claim, i.e. liability for its own lack of corrective action rather than the actions of the offending students.  *Davis,* 526 U.S. at 640-41, 119 S.Ct. at 1670; *Watkins v.*

*La Marque Ind. School District*, 308 Fed.Appx. 781 (5th Cir. 2009). In order to establish such a claim a plaintiff must show that: (1) the sexual harassment was severe, pervasive and objectively offensive; (2) the district had actual knowledge of the sexual harassment, and (3) it acted with deliberative indifference to the harassment. *Id.*

A plaintiff must establish sexual harassment of students that is so severe, pervasive and objectively offensive, and that so undermines and detracts from the victim's educational experience that the victim-students are effectively denied equal access to an institution's resources and opportunities. *Davis*, 526 U.S. at 651, 119 S.Ct. at 1675. Whether the harassment rises to the level of actionable harassment depends on a constellation of surrounding circumstances, expectations and relationships, including but not limited to the ages of the harasser and victim and the number of individuals involved. *Id.*

A funding recipient that does not engage in harassment directly may not be liable for damages unless its deliberate indifference subjects its student to harassment, that is the deliberate indifference must at a minimum cause the student to undergo harassment or make them liable or vulnerable to it. A defendant acts with deliberate indifference only where his response to the harassment or lack of response is clearly unreasonable in light of the known circumstances. *Davis*, 526 U.S. at 644-45, 648, 119 S.Ct.

at 1672, 1674.  Mere negligent action is insufficient to state a claim.  *Watkins, supra*.  Officials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm even if the harm ultimately was not averted.  Determining what constitutes appropriate remedial action in Title IX discrimination cases necessarily depends on the particular facts of the case.  *Doe v. Dallas Ind. School Dist.*, 220 F.3d 380, 384 (5th Cir. 2000)(Title IX teacher-student harassment case).

Title IX's private right of action also encompasses suits for retaliation because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex. Thus, a funding recipient can be held liable under Title IX if it retaliates against a person because he or she complains of sex discrimination.  *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178, 125 S.Ct. 1497, 1507 (2005).

Under § 1681(a) a recipient of federal funds may be liable in damages only for its own misconduct.  The government's enforcement power under the statute may only be exercised against the funding recipient, therefore, damages liability under Title IX does not extend to parties outside the scope of this power.  *Davis,* 526 U.S. at 640-41, 119 S.Ct. at 1670.  Title IX has consistently been interpreted as not authorizing suit against school officials, teachers and other individuals.  *Fitzgerald v. Barnstable School Committee*, _____ U.S. _____, 129 S.Ct. 788, 796 (2009); *Alegria v.*

Williams, 314 Fed.Appx. 687 (5th Cir. 2008); Doe *v. Hillsboro Ind. School Dist.*, 81 F.3d 1395, 1400 n. 9 (5th Cir. 1996).

## Section 1983

**Supervisory and Local Governing Body Liability**

In a § 1983 action neither a school district nor its supervisory officials may be held liable under a theory of *respondeat superior.*

To be liable under § 1983, a supervisor must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id.; Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). Personal involvement is an essential element of a civil rights cause of action that requires plaintiff to establish an affirmative link between her injuries and a defendant's personal conduct. Only the direct acts or omissions

8

of government officials, not the acts of subordinates, gives rise to individual liability under § 1983. *Coleman v. Houston Ind. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).

Municipalities and local governing bodies also cannot be held liable under § 1983 based on a theory of *respondeat superior*. *Rivera v. Houston Ind. School Bd.*, 349 F.3d 244, 247 (5th Cir. 2003). They can be sued directly under § 1983 for monetary damages when the action that is alleged to be unconstitutional implements or executes a policy officially adopted and promulgated by that body's officers or results from a governmental custom which has not received formal approval through the body's official decisionmaking channels, but nonetheless fairly represents their policy. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Palmer v. City of San Antonio, Texas*, 810 F.2d 514 (5th Cir. 1987).

Therefore, to prevail on a claim under § 1983 against a municipality or local governing body, a plaintiff must establish: a policy maker, an official policy or custom, and a violation of a constitutional right whose moving force is the policy or custom. Rivera, *supra*; Piotrowski *v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).[6]

---

[6]   A fundamental requirement for any § 1983 claim is the existence of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986); *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

The policymaker must have final policymaking authority. ... The unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. Therefore to sustain liability under § 1983, the Parents must point to more than the actions of a HISD employee, they must identify a policymaker with final policymaking authority and a policy that is the moving force behind the alleged constitutional violation. (internal quotations and citations omitted).

*Rivera*, 349 F.3d at 247, *citing, Piotrowski*, 237 F.3d at 578; *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997).

**Qualified Immunity**

Qualified immunity is a defense against an individual capacity suit brought under § 1983. It protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* _____ U.S. _____, 129 S.Ct. 808, 815 (2009), *citing, Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).

To determine whether a government official is entitled to qualified immunity for an alleged constitutional violation, the court conducts the two-step analysis of *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001), which was overruled in part by *Pearson v. Callahan*, where the Supreme Court held that the two-step inquiry can occur in any order. The two steps for the court to determine

10

are: (1) whether plaintiff alleged that the defendants committed a constitutional violation under current law, and (2) whether the defendant's actions were objectively unreasonable in light of clearly established law existing at the time of the incident. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194-95 (5th Cir. 2009).

To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The central concept of "clearly established" is that of fair warning. The law can be clearly established despite notable factual distinctions between the precedents relied on and the cases then before the court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. *Club Retro, L.L.C.*, 568 F.3d at 194, *citing*, *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004); *Hope v. Pelzer*, 536 U.S. 730, 740, 122 S.Ct. 2508 (2002).

The law is well established that in suits filed under § 1983 against public officials in their private capacity a claim must be stated with particularity. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995); *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985), *overruled in part by, Leatherman v. Tarrant County Narcotics*, 507 U.S. 163, 113 S.Ct. 1160 (1993)(federal court may not apply a heightened pleading standard in civil rights cases alleging

11

municipal liability under § 1983).

**Fourteenth Amendment Claims**

Under the Fourteenth Amendment there is a substantive due process right to be free from state deprivation of one's bodily integrity liberty interest. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006); *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994). In general governmental entities do not have a constitutional duty to protect individuals from violence by private actors. Stated another way, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196-97, 109 S.Ct. 998, 1004 (1989); *Rios*, 444 F.3d at 421. However, an exception exists with regard to individuals in certain "special relationships" with the state/governmental entity. In these limited circumstances the Constitution imposes upon the state affirmative duties of care and protection with respect to particular individuals. The duty arises when the state imposes limitations on a person's freedom to care for himself, such as when one is incarcerated or institutionalized. *DeShaney*, 489 U.S. at 199-200, 109 S.Ct. at 1004-06. A "special relationship" arises only when a person is involuntarily confined or otherwise restrained against his will pursuant to a governmental order or by

12

the affirmative exercise of state power, and does not arise solely because the state exercises custodial control over an individual. *Doe v. San Antonio Independent School Dist.*, 197 Fed.Appx. 296, 300 (5th Cir. 2006); *Walton v. Alexander,* 44 F.3d 1297, 1299 (5th Cir. 1995)(en banc); *Doe v. Hillsboro Independent School Dist.*, 113 F.3d 1412, 1401 (5th Cir. 1997)(en banc).   The Fifth Circuit has not accepted the argument that school compulsory attendance laws alone create a special relationship giving rise to a constitutional duty of school officials to protect students from private actors.  *Id.; Lefall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 526 (5th Cir. 1994); *Priester v. Lowndes County*, 354 F.3d 414, 421-22 (5th Cir. 2004).

Courts of Appeal other than the Fifth Circuit have also recognized some version of the state-created danger theory.  Under this theory state officials can have a duty to protect an individual from injuries inflicted by a third party if the state actor played an affirmative role in creating or exacerbating a dangerous situation that led to the individual's injury.  *Doe v. San Antonio School Dist.*, 197 Fed.Appx. at 301; *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2006).  However, the Fifth Circuit has never recognized state-created danger as a trigger of state affirmative duties under the Due Process Clause of the Fourteenth Amendment.  *Id.; Longoria v. Texas*, 473 F.3d 586, 593 n. 8 (5th Cir. 2006); *Farr v. Rodriquez*, 255 Fed.Appx. 925, 927 (5th

13

Cir. 2007).  Even if such a theory were recognized the plaintiff would have to show that the government official acted with deliberate indifference towards him, which is a stringent standard of fault beyond mere negligence and usually requires proof that a state actor disregarded a known or obvious consequence of his actions.  *Farr*, *supra*; *McClendon*, 305 F.3d at 325-26 (regardless of theory of liability plaintiff pursuing, a viable substantive due process claim requires plaintiff to demonstrate that the state official acted with culpability beyond mere negligence).

Under the Fourteenth Amendment Due Process Clause, where the state has created a public school system that requires children to attend, students have a protected property interest in receiving an education.  Therefore, governmental action that could damage the student's reputation and interfere with their education requires that the student be given notice and the opportunity for some kind of a hearing.  *Goss v. Lopez*, 419 U.S. 565, 574-77, 95 S.Ct. 729, 736-38 (1975); *Parker v. Duffey*, 251 Fed.Appx. 879 (5th Cir. 2007).  Injury to reputation alone, apart from some more tangible interest, is not sufficient to invoke the procedural protection of the Due Process Clause.  *Lyle v. Dedeaux*, 39 F.3d 320 (5th Cir. 1994); *Thomas v. Kipperman*, 846 F.2d 1009, 1010 (5th Cir. 1988).


**First Amendment Retaliation**

The First Amendment prohibits not only direct limits on

14

individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities. *Keenan v. Tajeda*, 290 F.3d 252, 258 (5th Cir. 2002). A First Amendment retaliation claim under § 1983 is comprised of the following elements: (1) plaintiff engaged in constitutionally protected activity; (2) defendant took an adverse action against the plaintiff, that is, actions that caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and, (3) the defendant's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *Id.*; *Shinn v. College Station Independent School Dist.*, 96 F.3d 763, 786 (5th Cir. 1996); *Chalmers v. Lane*, 2005 WL 169990 (N.D.Tex. Jan. 25, 2005).

**Punitive Damages**

Punitive damages may be awarded in an action based on § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1983); *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990). However, punitive damages cannot be recovered against government entities for § 1983 claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748

(1981); *Evans v. St. Bernard Parish School Board*, 2003 WL 22174272 (E.D. La. Sept. 11, 2003).


## State Law

## Intentional Infliction of Emotional Distress

In order to recover for intentional infliction of emotional distress under Louisiana Civil Code Article 2315, a plaintiff has the burden of proving: (1) that the conduct of the defendants was extreme and outrageous; (2) that the emotional distress suffered by him was severe; and (3) that the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209-10 (La. 1991); *Moresi v. State, Department of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990); *Deus v. Allstate Insurance Co.*, 15 F.3d 506, 514 (5th Cir. 1994). The conduct complained of must be so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Id.* Liability arises only where the mental suffering or anguish is extreme, and the distress suffered must be such that no reasonable person could be expected to endure it. *White*, 585 So.2d at 1210.[7]

--------

[7] Although the defendants generally asserted that the plaintiff has failed to state claims for relief under Louisiana
(continued...)

## Analysis

## Title IX

The case law establishes, and the plaintiff concedes, that under Title IX liability does not extend to individuals or parties who are not recipients of federal funds, such as school officials and teachers.   Therefore, the plaintiff has no Title IX claim against Powell in his individual capacity and this claim should be dismissed.   The only possible Title IX defendant in this case is the School Board.

There is no heightened pleading requirement for a Title IX claim against the School Board.   The allegations relevant to the plaintiff's Title IX claim against the School Board are found in paragraphs 3 through 6, 13, 15 through 17, and 19 through 21.[8] Clearly some of these paragraphs contain mere legal conclusions. However, considering the allegations as a whole, in particular the description of the attack on the plaintiff[9] and the facts contained

---

[7](...continued)
law, the only specific state law claim cited and discussed in the defendants' motion was an Article 2315 claim for intentional infliction of emotional distress.   Therefore, only this claim will be addressed in this report.

[8] In her memorandum the plaintiff asserted that despite being informed of continued harassment by the students, the defendants did little or nothing in response.   Record document number 16, p. 2.   This is not alleged in the complaint.

[9] The Supreme Court's decision in *Davis*, *supra*, and Fifth Circuit Title IX cases cited in this report, show that in evaluating the first element of a the Title IX student-on-student
(continued...)

in the other paragraphs, the complaint contains sufficient factual content to find that the Title IX claim against the School Board is facially plausible.


### Section 1983

As currently pled, plaintiff's § 1983 allegations against the School Board and Powell in his individual capacity fail to state a claim.  Plaintiff's § 1983 claims are based on violations of First and Fourteenth Amendment rights – to reputation and education, to be free from state deprivation of her liberty interest in bodily integrity, and to report and complain about unconstitutional conduct.[10]  A review of the complaint in light of the applicable law demonstrates that the plaintiff has not pled sufficient facts to state a § 1983 claim under these theories.

Plaintiff's complaint is devoid of any factual basis for a Fourteenth Amendment claim based on a deprivation of her rights to reputation and education.  There are no facts alleged indicating that the defendants accused the plaintiff of misconduct or took some other action which  resulted in her being denied the right to attend school, or that in connection with any such incident the

---

[9](...continued)
harassment claim – the severity of the harassment - the court looks to the reported sexual harassment to determine whether the harassment is sufficiently severe, pervasive and objectively offensive.

[10] Complaint, ¶ 23.

plaintiff was denied notice or an opportunity for a hearing.

The facts alleged in the complaint show that at the time of the incident the plaintiff was a public middle school student participating in an activity at school after school hours.  There are no allegations that the plaintiff was involuntarily confined or otherwise restrained against her will by the defendants or another government actor, and the Fifth Circuit does not recognize state-created danger as a trigger of state affirmative duties under the Fourteenth Amendment.[11]   Therefore, the plaintiff has failed to state a claim against the defendants under § 1983 for violation of her Fourteenth Amendment right to bodily integrity.

Plaintiff alleged that the defendants engaged in retaliation after she complained of the attack by the other students.   A heightened pleading standard applies to the plaintiff's § 1983 First Amendment retaliation claims against Powell in his individual capacity.  Although the heightened pleading standard does not apply to the School Board, the School Board can only be held liable under § 1983 if the plaintiff establishes an official policy, custom or practice that is the moving force behind the constitutional violation, which in this case is an alleged violation of the right to be free from retaliation for exercising protected First Amendment rights.  Review of the complaint shows that plaintiff did not allege what specific retaliatory actions were taken against her

_____

[11] *McClendon*, *supra*; *Farr*, *supra*.

19

after she made the complaint, nor did the plaintiff specify which individual defendant engaged in any specific instance of retaliatory conduct.[12]   Plaintiff also failed to allege any facts to show that the School Board had an official policy, custom or practice that resulted in retaliation and violation of her First Amendment rights.

With regard to the plaintiff's request for punitive damages, the claim against the School Board must be dismissed.  As a matter of law punitive damages under § 1983 are not available against a governmental entity such as the School Board.   Because the plaintiff has not sufficiently alleged a claim against Powell in his individual capacity, the plaintiff necessarily cannot have a viable claim for punitive damages against him.   However, whether the plaintiff has stated a claim for punitive damages against Powell may need to be reconsidered after the plaintiff has been given the opportunity to amend her allegations related to her First Amendment retaliation claim.

**State Law**

Plaintiff alleged that an investigation was begun after

---

[12]  Plaintiff must allege facts which show the individual defendant's personal involvement in the acts causing the alleged deprivation of her First Amendment rights.   *Thompkins*, *supra;* *Coleman, supra.*

learning of the incident.[13]   Plaintiff complained that the action taken against the three students – minimal suspensions, but allowing them to remain in school[14] – violated School Boards rules and was not sufficient.

These vague allegations do not describe conduct that could be reasonably described as extreme and outrageous.   Nor did the plaintiff allege any facts from which it could be inferred that either defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.   Plaintiff's factual allegations in the complaint are not sufficient to allege a claim for intentional infliction of emotional distress under Article 2315.

## Recommendation

It is the recommendation of the magistrate judge that the West Feliciana Parish School Board's, Lloyd Lindsey's and Darryl Powell's Rule 12(b)(6) Motion to Dismiss be granted in part, dismissing the following claims: (1) the Title IX claim against

---

[13] It is unclear from the Complaint whether the investigation was done by the school or someone else.   Plaintiff alleged, "on information and belief," that the defendant School Board did not conduct an "independent investigation."   Complaint, ¶ 6(c).

[14] Neither the plaintiff's Complaint nor her opposition memorandum state whether the sanctions were imposed by the defendant School Board or defendant Powell.

defendant Powell in his individual capacity; (2) all § 1983 claims against both the defendant School Board and defendant Powell, including the claim for punitive damages; and, (3) plaintiff's state law claim for intentional infliction of emotional distress under Article 2315 against both the defendant School Board and defendant Powell.

It is further recommended that the defendants' motion be denied as to the plaintiff's Title IX claim against the defendant School Board.

It is further recommended that the plaintiff be allowed 15 days to file an amended complaint alleging sufficient facts to state: (1) a § 1983 First Amendment retaliation claim against the defendant School board and defendant Powell, in his individual capacity; (2) a § 1983 claim for punitive damages against defendant Powell, in his individual capacity; and (3) a state law intentional infliction of emotional distress claim against both the defendant School Board and defendant Powell.

In response to any amended complaint the plaintiff may file, the defendants may again seek dismissal under Rule 12(b)(6).

Baton Rouge, Louisiana, December 14, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

22